**DISMISS and Opinion Filed September 23, 2020**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00691-CV**

**IN RE RYAN GALLAGHER, Relator**

**Original Proceeding from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-00049-2020**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Evans
Opinion by Justice Evans

Before the Court are relator Ryan Gallagher's July 21, 2020 "Motion for Writ of Error and Turnover/Subpoena," which we construe as a petition for writ of mandamus, and real parties in interest's July 23, 2020 "Motion to Strike Vexatious Litigant Gallagher's Presumed Mandamus, or Alternatively, Strike Improper Briefing Pending Appeal." Relator has been declared a vexatious litigant and is prohibited from filing pro se any new litigation in a court of this State without first obtaining permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE §§ 11.102(a), 11.103(a). A petition for writ of mandamus is a civil action for which the vexatious litigant statute applies. *Cooper v. McNulty*, No. 05-15-

00801-CV, 2016 WL 6093999, at *3 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (mem. op.) (citing *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 700 (Tex. App.—El Paso 2011, no pet.) (concluding under statutory definitions, "a person who seeks mandamus relief commences a civil action in the appellate court")); *see also* TEX. CIV. PRAC. & REM. CODE § 11.001(2) (defining "litigation" as "a civil action commenced, maintained, or pending in any state or federal court."); *id.* § 11.103(a) (the clerk of a court "may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order" unless the litigant first obtains permission).

Relator filed this original proceeding without first obtaining the required permission. By letter dated July 23, 2020, we ordered relator to file a copy of an order from the local administrative judge giving him permission to file this original proceeding by August 20, 2020. We cautioned him that failure to provide the written verification of permission to file may result in dismissal of this original proceeding for want of jurisdiction without further notice.

To date, relator has not provided this Court with a written order from the local administrative judge giving him permission to file this original proceeding. Accordingly, we grant real parties' motion to the extent that we dismiss this original proceeding for lack of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 11.1035(b) (the court "shall dismiss the litigation unless the [vexatious litigant subject to a prefiling order] . . . obtains an order from the appropriate local administrative judge

–2–

described by Section 11.102(a) permitting the filing of the litigation"); *see also In re Johnson*, No. 03-13-00531-CV, 2013 WL 4822489, at *1 (Tex. App.—Austin Aug. 30, 2013, orig. proceeding) (mem. op.) (dismissing petition for writ of mandamus when vexatious-litigant relator made no showing that he had obtained order from local administrative judge permitting filing thereof).

/David Evans/
DAVID EVANS
JUSTICE

200691F.P05